**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDUARDO RIVERA MARTIN** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2053-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Eduardo Rivera Martin, a citizen of Mexico proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge Timonthy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Mexico who entered the United States in or around the year 2000 when he was approximately four years old. (Doc. 1, at 6). Petitioner received Deferred Action for Childhood Arrivals ("DACA") and work authorization from July 5, 2013, to March 4, 2023. (Doc. 11, at Ex. 1, at 3).

- On January 9, 2023, Petitioner was arrested for Driving While Intoxicated and Theft of Service. (*Id.* at 2). On July 13, 2023, Petitioner's applications to renew his DACA and work authorization were denied. (*Id.* at 3). On January 10, 2024, Petitioner received a deferred sentence of 12 months of probation for his DWI charge. (*Id.* at 2). On March 18, 2024, Petitioner's Theft of Service charge was dismissed. (*Id.*)

- On July 20, 2026, ICE conducted targeted operations to find and arrest Petitioner. (*Id.*) As Petitioner exited a residence in Rowlett, Texas, ICE arrested him without incident and assumed custody of him. (*Id.*)

- The same day, Petitioner was charged with being removable from the United States. (*Id.* at Ex. 2, at 1).

- Petitioner has not been provided with a bond hearing. (Doc. 1, at 6).

- On August 26, 2026, the immigration court set deadlines for pleadings in the immigration matter, and the proceedings are ongoing. (Doc. 11, at Ex. 3, at 1). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. Petitioner's detention without an individualized custody review violates substantive and procedural due process. (Doc. 1, at 12-13).

2. Petitioner's detention under retroactive application of 8 U.S.C. § 1226(c)(1)(E) violates the Administrative Procedure Act ("APA"), or,

alternatively, detention without an individualized custody review violates the APA. (*Id.* at 13-14).

In his Petition, Petitioner submits that Respondents have placed Petitioner in mandatory detention under 8 U.S.C. § 1226(c)(1)(E), because of his 2023 theft-of-service charge, which was dismissed. (Doc. 1, at 8). This section of the INA was added by the Laken Riley Act in 2025 and provides for mandatory detention of an inadmissible non-citizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, larceny, [or] shoplifting . . . without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(E). Petitioner argues that § 1226(c)(1)(E) does not apply retroactively and that, even if it does, denying a bond hearing based on a dismissed charge violates due process. (Doc. 1, at 8).

As relief, Petitioner asks the Court to:

- Order Petitioner's immediate release;
- Enjoin Respondents from removing Petitioner from the United States pending the resolution of the Petition; [2]
- Enjoin Respondents from transferring Petitioner to another detention facility; [3]

---

[2] 8 U.S.C. § 1252(g) strips the Court of jurisdiction to consider Petitioner's request to prohibit his removal. *See Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.") (citation modified).

[3] The decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS, 8 U.S.C. § 1231(g)(1), which this Court lacks

- Award Petitioner attorney's fees and costs under the Equal Access to Justice Act;[4] and

- Grant any other relief that the Court deems just and proper.

(Doc. 1, at 14-15).

Contrary to Petitioner's contention, "Respondents do *not* contend that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E). The Office of the Principal Legal Advisor (OPLA) for DHS/ICE reports that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)." (Doc. 11, at 4) (emphasis in original). While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different result." (*Id.* at 9). Respondents state that "the Court should not rule further" than *Santillan Quiroz* and that "there is no need for the Court to consider Petitioner's constitutional claim if the Court orders a bond hearing on statutory grounds." (*Id.*) Respondents also argue that the APA claim is not available when habeas corpus is the proper avenue for relief. (*Id.* at 8).

---

jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(ii). *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (observing that "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal" and holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"). Therefore, this Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility.

[4] Petitioner's request for fees and costs under the Equal Access to Justice Act is premature. *See* 28 U.S.C. § 2412(d)(1)(B); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).

In his Reply, Petitioner submits that "Respondents admit the statutory provision on which they rely, and *Santillan Quiroz* forecloses their interpretation. Petitioner is therefore entitled to habeas relief." (Doc. 12, at 3). However, Petitioner says that the statutory resolution "does not resolve Petitioner's separate challenge to § 1226(c)(1)(E)." (*Id.*) Petitioner expresses concern with Respondents' apparent change in position, noting Respondents chose not to produce documents that would have identified whether DHS invoked § 1226(c)(1)(E) when it arrested and detained Petitioner. (*Id.* at 9-11). Petitioner worries that, if he is granted only a bond hearing, then Respondents will raise § 1226(c)(1)(E) at the bond hearing, and the immigration judge will deny release for lack of jurisdiction. (*Id.* at 4-5).

Petitioner argues that "[s]ending Petitioner to the immigration court without first resolving the applicability and constitutionality of § 1226(c)(1)(E) would therefore provide only speculative relief." (*Id.* at 6). Petitioner suggests that Respondents "should be required to stipulate that Petitioner is detained under § 1226(a) and that DHS will not invoke § 1226(c)(1)(E) before the immigration judge based on the dismissed theft-of-service arrest." (*Id.* at 5). Petitioner "asks the Court to require Respondents to produce the complete custody record," including "the administrative warrants, prior release orders, or custody determinations showing that DHS had previously exercised authority under § 1226[(c)(1)(E)]." (*Id.* at 12). Petitioner asks for immediate release instead of a bond hearing "because the immigration court cannot provide the constitutional remedy requested . . . [i]f DHS invokes that provision" at the bond hearing. (*Id.* at 13).

### III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

The undersigned finds that the record is sufficient to resolve the Petition under § 1226(a). On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[5]

---

[5] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No.

## V. The Court Should Decline to Address Petitioner's Remaining Claims.

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's due process or other claims, particularly as they would result in the same relief. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

Furthermore, the undersigned recommends that the Court find Petitioner's claims for further relief not ripe for adjudication, namely his requests for (1) a prohibition on Respondents invoking § 1226(c)(1)(E) at the bond hearing, (2) production of documents showing the authority under which Petitioner is held, and (3) immediate release because the immigration court cannot resolve the constitutional issue that may arise at the bond hearing. (Doc. 1, at 14; Doc. 12, at 12-14). The Tenth Circuit has explained that

> [t]he ripeness doctrine involves both constitutional requirements and prudential concerns. The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims. Constitutional ripeness is based on Article III's requirement that federal courts hear only "cases" and "controversies." Because federal courts cannot give advisory opinions, the matter must come to the court in "clean-cut concrete form."
>
> Even when [a matter] satisfies Article III's "case or controversy" requirement, [a court] may still decline to review it under the prudential ripeness doctrine. Application of this doctrine turns on two factors: (1) the fitness of the issue for judicial review, and (2) the hardship to the parties from

---

CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

> withholding review. As for whether the issue is fit for judicial review, we focus on whether the determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed. Thus, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

*United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (citation modified). *See also Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) ("Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

Although the undersigned is sympathetic to Petitioner's concerns, the Court should decline to speculate about how the bond hearing might actually occur. Petitioner's concerns "rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas*, 523 U.S.at 300, and granting any further relief to him on that basis would require the Court to give an advisory opinion. The Court should decline to do so.

## VI. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral

Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by October 21, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 14th day of October, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").