**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDUARDO RIVERA MARTIN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2053-D |

# ORDER

Petitioner Eduardo Rivera Martin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States in 2000, when he was approximately 4 years old. Petitioner received Deferred Action for Childhood Arrivals (DACA) and work authorization from July 5, 2013, to March 4, 2023. Petitioner's applications to renew his DACA and work authorization were denied on July 13, 2023.[1]

Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on or about July 20, 2026. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), and his removal proceedings are ongoing.

---

[1] Relevant to this Order, Petitioner was charged with Driving While Intoxicated and Theft of Service in January 2023. On January 10, 2024, Petitioner received a deferred sentence of 12 months of probation for his DWI charge. On March 18, 2024, Petitioner's Theft of Service charge was dismissed.

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On October 14, 2026, Judge Maxfield issued a Report and Recommendation [Doc. No. 13], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).

Judge Maxfield further recommended that the Court decline to address Petitioner's remaining claims. Before Judge Maxfield, Petitioner asserted that he was being detained under § 1226(c)(1)(E), which provides for mandatory detention of a noncitizen who is charged with, arrested for, or convicted of certain crimes. *See, generally,* 8 U.S.C. § 1226(c)(1)(E). This subsection of the Immigration and Nationality Act (INA) was added in 2025 by the Laken Riley Act. Petitioner contends that his detention under § 1226(c)(1)(E) violates his due process rights because the underlying theft-of-service charge was dismissed and the Laken Riley Act does not apply retroactively. However, as noted by the magistrate judge, Petitioner is being detained under § 1225(b)(2), not § 1226(c)(1)(E). [Doc. No. 13, at 4]. And, although Petitioner has concerns that Respondents will invoke § 1226(c)(1)(E) at a bond hearing, the magistrate judge concluded that any requested relief based on what may happen at a bond hearing is unripe for adjudication.[2] *Id.* at 7-8.

Both Petitioner and Respondents filed timely objections. [Doc. Nos. 14, 15]. In Respondents' objection, they agree with most of Judge Maxfield's conclusions and concede

[2] Judge Maxfield further concluded that Petitioner's request for fees and costs under the Equal Access to Justice Act is premature, that this Court lacks jurisdiction to grant Petitioner's request for an order prohibiting his removal or transfer, and that Petitioner is not entitled to immediate release. *Id.* at 3-4, ns. 2-4.

that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin* is controlling authority. [Doc. No. 14, at 2]; *see Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

In Petitioner's objection, he asserts that his challenge to § 1226(c)(1)(E) is not unripe and that immediate release is appropriate. However, upon *de novo* review, the Court agrees with Judge Maxfield that Petitioner is only entitled to a bond hearing under § 1226(a), and that Petitioner's arguments related to whether § 1226(c)(1)(E) will be invoked at his bond hearing are unripe and speculative. The Court further agrees with Judge Maxfield that granting habeas relief in the form of a bond hearing renders it unnecessary for the Court to address Petitioner's remaining claims related to his detention. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Judgment on the Pleadings [Doc. No. 16] is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE